IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald D. Davis, Jr., Petitioner, v. State of South Carolina, Respondent. | C/A No. 4:26-cv-3212-JFA-TER<br>**ORDER** |

Gerald D. Davis, Jr., ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Magistrate Judge assigned to this action[2] prepared a thorough report and recommendation ("Report"). (ECF No. 15). Within the Report, the Magistrate Judge opines the Petition is subject to dismissal

[1] A § 2255 petition may be brought by "[a] prisoner in custody under a sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). Petitioner stated "the Court of General Sessions, State of South Carolina, Spartanburg Division, 7th Judicial Circuit" entered the conviction he is challenging. (ECF No. 1 at 1). The court has previously warned Petitioner that because he is attempting to challenge a conviction in state court, as opposed to a conviction in federal court, he cannot pursue a § 2255 petition. Because Petitioner is challenging a state court conviction, the petition would need to proceed pursuant to 28 U.S.C. § 2254 if it were not subject to dismissal.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

because Petitioner is not "in custody" as required to bring a writ of habeas corpus. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on September 29, 2026. *Id.* The Magistrate Judge required Petitioner to file objections by October 16, 2026. *Id.* Petitioner failed to file objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the petition is subject to dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

(ECF No. 15). Consequently, the petition is dismissed without prejudice for lack of subject matter jurisdiction and without requiring Respondent to file a return.

IT IS SO ORDERED.

November 3, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge